IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE FULLARD<br>19 Good Shepherd Terrace<br>Bryn Mawr, PA 19010-1301,<br>      Plaintiff,<br><br>vs.<br><br>FINANCIAL CREDIT SERVICES, INC.<br>d/b/a ARA, INC.<br>222 North Lasalle Street, Suite 300<br>Chicago, IL  60601,<br>      Defendant. | CIVIL ACTION NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2. The FDCPA prohibits the use of false, deceptive or misleading representations in the effort to collect a consumer debt. The Act also requires that debt collectors provide consumers with a statutory validation notice informing the consumer about important rights under the FDCPA, such as the right to seek verification and dispute a debt. This statutory notice must be effectively communicated.

3. Defendant sent a letter to collect a twenty-year-old stale debt with implied threats of suit and credit harm, and included a fine-print validation notice obscured by the rest of the letter. Defendant is subject to strict liability for sending a collection letter which violates the provisions of the FDCPA.

### II. JURISDICTION

4. Jurisdiction arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

1

## III. PARTIES

5. Plaintiff is Dwayne Fullard, a consumer who resides in Bryn Mawr, Pennsylvania at the address captioned.

6. Defendant Financial Credit Services, Inc. d/b/a ARA, Inc. is believed to be an Illinois corporation with a mailing address as captioned (herein referred to as "Defendant" or "ARA").

7. Defendant regularly engages in the collection of consumer debts using the mails and telephone.

8. Defendant regularly attempts to collect consumer debts alleged to be due another.

9. Defendant regularly collects debts and does business in this District.

10. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

## IV. STATEMENT OF CLAIM

11. On April 18, 2011, Defendant sent Plaintiff an initial communication with regard to the collection of an over twenty-year-old, time-barred consumer debt alleged due. A copy of the April 18, 2011 letter is attached hereto as Exhibit "A" (redacted for privacy per Fed. R. Civ. Pro. 5.2).

12. Defendant's April 18, 2011 letter reads in part:

> "Your financial and credit history are currently being reviewed by
> our finalization department to determine our next course of action.
> Should this debt go unpaid our intention is to seek whatever
> remedies are available."

(Exhibit "A")

13. The Fair Debt Collection Practices Act prohibits false, deceptive or misleading statements in the collection of a consumer debt. 15 U.S.C. § 1692e, e(10).

14. By stating it is reviewing Plaintiff's "financial and credit history" to determine a "course of action" and "whatever remedies are available," Defendant's letter deceptively implies Plaintiff is being reviewed for a potential lawsuit or negative credit reporting, neither of which Defendant can do legally as this alleged debt is over twenty years old. No "remedy" is, as a practical matter, available.

15. The FDCPA also provides that a debt collector must give a Notice of Validation Rights either in the initial communication or within five days of the initial communication. 15 U.S.C. §1692g(a)

16. Defendant placed the statutory validation notice at the very bottom of the page in small italicized type, while the dunning message of the letter takes up the bulk of the page and is expressed in larger, and in places, bold, type.

17. The validation notice required by 15 U.S.C. §1692g must be conspicuous, *viz.* large enough to be easily read and sufficiently prominent to be noticed.

18. The validation notice provided at the very bottom of Defendant's April 18, 2011 letter in fine print, is dwarfed by the dunning message that dominates the remainder of the collection communication, and is insufficient notice under the FDCPA. 15 U.S.C. §1692g(a).

19. Defendant's small type, inconspicuous notice buried at the bottom of the collection letter does not effectively convey the consumer's statutory validation rights.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

21. Defendant's April 18, 2011 letters violates the FDCPA by using false, deceptive or misleading representations or means to collect a consumer debt, 15 U.S.C. § 1692e, e(10).

22. Defendant's April 18, 2011 letter violates the FDCPA by failing to effectively provide the required validation notice required under 15 U.S.C. §1692g.

**WHEREFORE**, Plaintiff Dwayne Fullard demands judgment against Defendant Financial Credit Services, Inc. d/b/a ARA, Inc. for:

(a) Damages;

(b) Attorney's fees and costs;

(c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 2/8/12

_____
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

**LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0782

4

# EXHIBIT "A"



# ARA
P.O. Box 5002
Villa Park, IL 60181

Tel: (888) 409-5060   Fax: (888) 315-1550
Hours: Monday - Friday 8:00am to 7:00pm

| April 18, 2011 | ▓▓▓ | ▓▓▓ | Amt Paid |
|---|---|---|---|
| | Credit Acceptance Corporation | $ | $ |

Check one of the following options listed below and return with your payment:

_____ I have enclosed the full balance of $ _____.

_____ I cannot pay my account in full at this time, but I have enclosed
the first installment of $ _____. If accepted, I will pay $ _____
Every:   Weekly   Monthly   (Please circle)

**Pay over the phone at (888) 409-5060 Monday - Friday 8am to 7pm Central**

*******************AUTO**MIXED AADC 350
Dwayne Fullard
19 Good Shepherd Ter
Bryn Mawr PA 19010-1301

ARA
P.O. Box 5002
Villa Park, IL 60181

April 18, 2011

Please return top portion of this notice with payment.

ORIGINAL CREDITOR:   Credit Acceptance Corporation
ACCOUNT NUMBER:      ▓▓▓▓▓
CURRENT BALANCE:     $▓▓▓▓▓

ARA FILE #: ▓▓▓▓▓

This letter is to inform you that ARA Inc. has recently obtained and now is the legal owner of your Credit Acceptance Corporation Account. All obligations regarding this debt and any applicable interest and or fees have been fully transferred to this office. As of today, you owe $▓▓▓▓▓, which is now due in full.

Your financial and credit history are currently being reviewed by our finalization department to determine our next course of action. Should this debt go unpaid our intention is to seek whatever remedies are available. Please remit a check for the amount of $▓▓▓▓ payable to ARA Inc. along with the payment slip above in the self addressed envelope provided. Within 30 days of full payment, you will receive a paid in full letter for your permanent records.

If you are unable to pay the entire balance in full, please call **Mark Farmer** at **ext. 3402** Monday - Friday 8:00am - 7:00pm central to discuss acceptable payment arrangements and answer any questions you may have. Please retain the balance of this letter for your records.

Sincerely,

*Mark Farmer*

Mark Farmer

This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within 30 days of receiving this notice, that you dispute the validity of the debt or any portions thereof, this office will obtain a copy of a judgement and mail you a copy of such verficication. If you request in writing, within 30 days after receiving this notice, this office will provide you the name and address of the original ORIGINAL CREDITOR, if different that the current ORIGINAL CREDITOR.

L1 / 840